STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
DOUGLAS M. MILLER (Cal. Bar No. 240398)
MÓNICA M. RAMÍREZ (Cal. Bar No. 234893)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2216/6681
     Facsimile: (213) 894-6436
     E-mail:    douglas.m.miller@usdoj.gov
                monica.ramirez2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 13-589(A)-CAS |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT SHARILYN KAE ANDERSON |
| v. | |
| JOSHUA JEROME DAVIS,<br>  aka "JayDee,"<br>  aka "Young King,"<br>  aka "YPN," and<br>SHARILYN KAE ANDERSON, | |
| Defendants. | |

1.  This constitutes the plea agreement between defendant SHARILYN KAE ANDERSON ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

//

//

RULE 11(c)(1)(C) AGREEMENT

2.   Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, defendant understands that, if the Court determines that it will not accept this agreement, absent a breach of this agreement by defendant prior to that determination and whether or not defendant elects to withdraw any guilty plea entered pursuant to this agreement, this agreement will, with the exception of paragraph 24 below, be rendered null and void and both defendant and the USAO will be relieved of their obligations under this agreement.  Defendant agrees, however, that if defendant breaches this agreement prior to the Court's determination whether or not to accept this agreement, the breach provisions of this agreement, paragraphs 26 and 27 below, will control, with the result that defendant will not be able to withdraw any guilty plea entered pursuant to this agreement, the USAO will be relieved of all of its obligations under this agreement, and the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

DEFENDANT'S OBLIGATIONS

3.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count One of the First Superseding Indictment in United States v. Davis, et al., CR 13-589(A)-CAS, which charges defendant with Conspiracy to Engage in Sex Trafficking, in violation of 18 U.S.C. § 1594(c).

b.   Not contest facts agreed to in this agreement.

  c. Abide by all agreements regarding sentencing contained in this agreement.

  d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

  e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

  f. Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

  g. Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

  h. Not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

  i. At the time of sentencing, not seek a sentence of less than 51 months' imprisonment.

  j. Agree to and not oppose the imposition of the following conditions of probation or supervised release:

    i. Defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where she resides, where she is an employee, and where she is a student, to the extent the registration procedures have been established in each jurisdiction. When registering for the first time, defendant shall also register in the jurisdiction in which the conviction occurred if different from her jurisdiction of residence. Defendant shall

provide proof of registration to the Probation Officer within <u>three</u> days of release from imprisonment.

    ii. Defendant shall participate in a psychological counseling and/or psychiatric treatment and/or a sex offender treatment program, which may include inpatient treatment, as approved and directed by the Probation Officer. Defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing. The Probation Officer shall disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider. As directed by the Probation Officer, defendant shall pay all or part of the costs of treating the defendant's psychological/psychiatric disorder(s) to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672. Defendant shall provide payment and proof of payment, as directed by the Probation Officer.

    iii. Defendant shall not contact the victims by any means, including in person, by telephone, by mail or electronic means, or via third parties. Further, defendant shall remain at least 100 yards from the victims at all times. If any contact occurs, defendant shall immediately leave the area of contact, and report the contact to the Probation Officer.

THE USAO'S OBLIGATIONS

  4. The USAO agrees to:

    a. Not contest facts agreed to in this agreement.

    b. Abide by all agreements regarding sentencing contained in this agreement.

   c. At the time of sentencing, move to dismiss the underlying indictment and Counts Two and Six of the First Superseding Indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

   d. At the time of sentencing, not seek a sentence of more than 60 months' imprisonment.

## NATURE OF THE OFFENSE

  5. Defendant understands that for defendant to be guilty of the crime charged in Count One of the First Superseding Indictment, that is, Conspiracy to Engage in Sex Trafficking, in violation of 18 U.S.C. § 1594(c), the following must be true: First, beginning on an unknown date, and continuing to on or about August 8, 2013, there was an agreement between two or more persons to commit sex trafficking of a minor victim, in violation of 18 U.S.C. §§ 1591(a)(1), (a)(2), and of an adult victim by force, threats of force, fraud, coercion or any combination of such means, in violation of 18 U.S.C. §§ 1591(a)(1), (a)(2); and, second, defendant became a member of the conspiracy knowing of its object and intending to help accomplish it.

  6. Defendant understands that the elements of sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1), (a)(2), are: (1) defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained a person, or benefitted financially or by receiving anything of value, from participating in a venture which has engaged in an act described above; (2) defendant did so knowing or in reckless disregard of the fact that the person was

under the age of 18; (3) defendant did so knowing that the person would be caused to engage in a commercial sex act; and (4) defendant's actions were in and affecting interstate/foreign commerce.

7. Defendant understands that the elements of sex trafficking by force, threats of force, fraud, coercion or any combination of such means, in violation of 18 U.S.C. §§ 1591(a)(1), (a)(2), are: (1) defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained a person, or benefitted financially or by receiving anything of value, from participating in a venture which has engaged in an act described above; (2) defendant did so knowing or in reckless disregard of the fact that force, threats of force, fraud, coercion or any combination of such means would be used to cause that person to engage in a commercial sex act; and (3) defendant's actions were in and affecting interstate/foreign commerce.

PENALTIES AND RESTITUTION

8. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 1594(c) is: life imprisonment; a five-year period of supervised release; a fine of $250,000, or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part

of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

10. Defendant understands that as a condition of supervised release, under 18 U.S.C. § 3583(d), defendant will be required to register as a sex offender. Defendant understands that independent of supervised release, she will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon her release from confinement following conviction.

11. Defendant understands and agrees that pursuant to 18 U.S.C. § 1593, defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any count dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with that count, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

12. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

13. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

14. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of

guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 16 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning in or about November 2011 and continuing through on or about August 8, 2013, in Los Angeles County and elsewhere, defendant knowingly conspired with her son, co-defendant Joshua Jerome Davis ("DAVIS"), to recruit, entice, harbor, transport, and maintain women and girls, including Victim 1 and Victim 2 ("the victims"), to work as prostitutes for DAVIS. Defendant and DAVIS would reserve hotel rooms and drive the victims to and from those hotels so the victims could meet with their clients and perform commercial sex acts. DAVIS would give some of the money the victims earned from those commercial sex acts to Defendant in exchange for defendant's assistance. For example, on or about August 2, 2012, while DAVIS transported Victim 1, who DAVIS knew was a minor, to Las Vegas for the purpose of having Victim 1 engage in commercial sex acts there, defendant reserved a hotel room in Orange County for Victim 2 to use for commercial sex acts. On or about July 28, 2013, defendant also picked up Victim 1 from a hotel in Orange County, knowing Victim 1 was a minor and that Victim 1 had gone there to engage in commercial sex acts.

Defendant knew that Victim 1 was a minor since at least the end of 2012. DAVIS told defendant that Victim 1 was a minor soon after Victim 1 was arrested for prostitution, among other crimes, in Las Vegas in August 2012. Despite knowing Victim 1 was a minor, DAVIS continued to have her engage in prostitution with defendant's assistance.

9

For example, in April 2013, DAVIS drove Victim 1 to the Aloft Hotel in Rancho Cucamonga to engage in commercial sex acts. Once there, Victim 1 was arrested based on an outstanding warrant. Defendant and DAVIS sent various text messages to each other in an attempt to locate Victim 1. Specifically, defendant sent a message to DAVIS asking DAVIS whether Victim 1 had said anything to anyone about being a minor. Defendant also sent a text message to DAVIS agreeing to contact the Aloft Hotel and pretend to be Victim 1's aunt in order to assist DAVIS in finding Victim 1.

In addition to reserving hotel rooms and driving the victims to and from hotels to perform commercial sex acts, defendant and DAVIS threatened Victim 2 into continuing to perform commercial sex acts. DAVIS never physically assaulted Victim 2, but he threatened to come after Victim 2 if she left him or told on him, saying things like, "You know what happens to people who snitch" and "You know what my family would do if you tell on me," or words to that effect. On one occasion, Defendant threatened Victim 2 by telling Victim 2 that she had Victim 2's "addresses" and by telling Victim 2 that if something happens to DAVIS something would happen to Victim 2.

## SENTENCING FACTORS AND AGREED-UPON SENTENCE

15.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only.

16. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 24 | [U.S.S.G. § 2G1.3(a)(4)] |
| Unduly Influenced Minor: | +2 | [U.S.S.G. § 2G1.3(b)(2)] |
| Use of a Computer: | +2 | [U.S.S.G. § 2G1.3(b)(3)] |
| Commercial Sex Act: | +2 | [U.S.S.G. § 2G1.3(b)(4)] |
| Acceptance of Responsibility: | -3 | [U.S.S.G. § 3E1.1(b)] |
| Total Offense Level: | 27 | |

17. The parties agree not to argue that any other specific offense characteristics, adjustments, or departures be imposed.

18. Defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant sentencing guideline factors set forth above, an appropriate disposition of this case is that the court impose a sentence of: no less than 51 months' imprisonment and no greater than 60 months' imprisonment; a five-year period of supervised release with conditions to be fixed by the Court which shall include the conditions set forth in paragraph (3)(j) above; $100 special assessment; and any applicable restitution. The parties agree that restitution is to be paid pursuant to a schedule to be fixed by the Court. The parties also agree that no prior imprisonment (other than credits that the Bureau of Prisons may allow under 18 U.S.C. § 3585(b)) may be credited against this stipulated sentence, including credit under Sentencing Guideline § 5G1.3.

## WAIVER OF CONSTITUTIONAL RIGHTS

19. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

11

      b.    The right to a speedy and public trial by jury.

      c.    The right to be represented by counsel – and if necessary have the court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the court appoint counsel – at every other stage of the proceeding.

      d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

      e.    The right to confront and cross-examine witnesses against defendant.

      f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

      g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

      h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF RETURN OF DIGITAL DATA</u>

20. Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

### WAIVER OF APPEAL OF CONVICTION

21. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

22. Defendant agrees that, provided the Court imposes the sentence specified in paragraph 18 above, defendant gives up the right to appeal any portion of that sentence.

23. The USAO agrees that, provided the Court imposes the sentence specified in paragraph 18 above, the USAO gives up its right to appeal any portion of that sentence.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

24. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent

that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

25. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

26. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

27. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

14

      a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

      b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

      c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

28.   Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts, sentencing factors, or sentencing. Defendant understands that the Court will determine the facts, sentencing factors, and other considerations relevant to sentencing and will decide for itself whether to accept and agree to be bound by this agreement.

29.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations and sentence referenced in paragraphs 16 and 18 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

NO ADDITIONAL AGREEMENTS

Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//
//
//

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

30. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

STEPHANIE YONEKURA
Acting United States Attorney

_____     2/12/15
MONICA M. RAMIREZ            Date
DOUGLAS M. MILLER
Assistant United States Attorneys

_____     2-11-15
SHARILYN KAE ANDERSON        Date
Defendant

_____     2/11/15
GEORGINA WAKEFIELD           Date
JILL GINSTLING
Attorneys for Defendant
Sharilyn Kae Anderson

17

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_Sharilyn Anderson_         _2-11-15_
SHARILYN KAE ANDERSON        Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am defendant Sharilyn Kae Anderson's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____    2/11/15
GEORGINA WAKEFIELD                    Date
JILL GINSTLING
Attorneys for Defendant
Sharilyn Kae Anderson